No. 24-3155

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FUAMATALA MOLI,

*Plaintiff-Appellant*,

v.

KING COUNTY, *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of Washington
No. 2:23-cv-00823-RSL
Honorable Robert S. Lasnik

**APPELLEES' SUPPLEMENTAL BRIEF**

Zachary J. Pekelis, WSBA No. 44557
Meha Goyal, WSBA No. 56058
PACIFICA LAW GROUP LLP
401 Union Street, Suite 1600
Seattle, WA 98101-2668
Telephone: 206-240-1700
Facsimile: 206-240-1750
zach.pekelis@pacificalawgroup.com
meha.goyal@pacificalawgroup.com

*Counsel for Defendants-Appellees*

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  ARGUMENT.......................................................................................3

   A. *Detwiler* Confirms That Moli's Body-as-Temple Belief Does
      Not Establish a Religious Conflict With Vaccination .....................................3

     1. The fact that Moli objected to vaccination, not testing, is immaterial..........4

     2. Moli's reliance on a body-as-temple belief alone dooms her claim .............6

   B. *Detwiler* Confirms Leave to Amend Would Be Futile ...................................8

III. CONCLUSION.......................................................................................9

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Collins v. Virginia*,
  584 U.S. 586 (2018).................................................................................................5

*Detwiler v. Mid-Columbia Medical Center*,
  --- F.4th ----, No. 23-3710, 2025 WL 2700000, (9th Cir. Sept. 23, 2025) .. passim

*Geerlings v. Tredyffrin/Easttown Sch. Dist.*,
  No. 21-cv-4024, 2021 WL 4399672 (E.D. Pa. Sept. 27, 2021).............................4

*McDowell v. Bayhealth Med. Ctr., Inc.*,
  No. 24-1157, 2024 WL 4799870 (3d Cir. Nov. 15, 2024) .......................... passim

*Medrano v. Kaiser Permanente*,
  No. 8:23-cv-02501-DOC-ADSX, 2024 WL 3383704
  (C.D. Cal. July 10, 2024) ..................................................................................5, 9

*Passarella v. Aspirus, Inc.*,
  108 F.4th 1005 (7th Cir. 2024) ................................................................... 1, 6, 8

## I.    INTRODUCTION

This case is one of hundreds in which Title VII plaintiffs assert generalized religious maxims—most commonly, that their body is a "temple"—in objecting to workplace COVID-19 vaccination or testing requirements. Two competing judicial approaches to such cases have emerged. And in this appeal, the parties' briefs, numerous FRAP 28(j) letters, and oral arguments invoked opposing camps: In the line of authority Appellee King County embraced, courts held that such "generalized objections" did not establish a religious conflict with vaccination or testing because doing so "would leave almost no limit to the accommodations that an employer would have to entertain under Title VII[]." *E.g.*, *McDowell v. Bayhealth Med. Ctr., Inc.*, No. 24-1157, 2024 WL 4799870, at *3 (3d Cir. Nov. 15, 2024) (cleaned up). This has been the approach of the Third Circuit and most district courts (especially those within this Circuit). In contrast, Appellant Fuamatala Moli advocated other circuits' contrary approach holding that such "body-as-temple" beliefs were sufficient to establish that the plaintiff's objection was "plausibly based at least in part on some aspect of their religious belief or practice." *E.g.*, *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1007 (7th Cir. 2024).

This Court has now weighed in, landing firmly in the Third Circuit's camp. In *Detwiler v. Mid-Columbia Medical Center*, --- F.4th ----, No. 23-3710, 2025 WL 2700000, (9th Cir. Sept. 23, 2025), the Court held that the plaintiff's

1

"belief that her body is a 'temple of God,'" combined with her concerns about the health consequences of COVID-19 testing and personal prayer, did not establish "a sufficient nexus between her religion and the specific belief in conflict with the work requirement." *Id.* at *3, *6. The Court cited favorably both Third Circuit and "numerous district court[]" cases rejecting body-as-temple claims, while criticizing the contrary approach as "far too permissive." *Id.* at *8, *10. If such a "general religious principle" were alone sufficient, the Court held, "there would be no bounds on otherwise-secular preferences that an employee could characterize as religious and therefore demand an employer accommodate." *Id.* at *11.

*Detwiler* warrants affirmance because Moli's body-as-temple belief is materially indistinguishable from Detwiler's. Indeed, Moli's claim is even weaker because, unlike Detwiler, she does not link her body-as-temple belief to the job requirement at all—even through a "secular, medical judgment," *Detwiler*, 2025 WL 2700000, at *4—while admitting that she is "not opposed to all [i]mmunizations." ER-17–18.

The only other difference is that Detwiler invoked her body-as-temple belief in opposition to COVID-19 vaccination and *testing*, while Moli invoked it in opposition to COVID-19 vaccination alone. However, the principles articulated in *Detwiler*—drawn largely from *vaccine* cases—apply equally here: "Invocations of broad, religious tenets cannot, on their own, convert a secular preference into a

religious conviction" and plaintiffs cannot simply "invoke magic words [to] survive a dismissal." 2025 WL 2700000, at *11.

Accordingly, the District Court correctly dismissed Moli's Second Amended Complaint (SAC) because she did not "plead a sufficient nexus between her religion and the specific belief in conflict with the work requirement." *Id.* at *6. The District Court's denial of leave to amend was also correct because the only amendment Moli has proffered (that her vaccine objection was confirmed through personal prayer) would not cure the SAC's deficiencies. For "[i]nvocation of prayer, without more, is still insufficient to elevate personal medical judgments to the level of religious significance." *Id.* at *9.

## II.     ARGUMENT

### A.     *Detwiler* Confirms Moli's Body-as-Temple Belief Does Not Establish a Religious Conflict With Vaccination

The similarities between *Detwiler* and this case are manifest. Both Moli and Detwiler requested religious exemptions from workplace COVID-19 vaccination policies, with Moli objecting to COVID-19 vaccination and Detwiler objecting to both vaccination and a testing alternative. *Id.* at *2, *3. Both Moli and Detwiler invoked similar body-as-temple beliefs: Moli asserted she is "a temple of God, he live[s] in [her] and [she] can not desecrate/defile [her]self," ER-17, and Detwiler asserted a "religious duty to avoid defiling her 'temple' by taking in substances that the Bible explicitly condemns or which could potentially cause physical harm

3

to her body," *Detwiler*, 2025 WL 2700000, at *2. The *Detwiler* Court affirmed dismissal with prejudice because Detwiler did not "connect the requested exemption with a truly religious principle" precluding COVID-19 testing. *Id.* at *6. Affirmance here necessarily follows because neither of the minor factual differences between the cases could logically warrant a different result.

### 1. That Moli objected to vaccination, not testing, is immaterial

While Moli asserted a body-as-temple belief in opposition to COVID-19 vaccination, Detwiler asserted a similar belief in opposition to both vaccination and nasal-swab testing. That is a factual distinction without a legal difference because the principle articulated in *Detwiler* applies equally to body-as-temple objections to vaccination and testing alike: "Invocations of broad, religious tenets cannot, on their own, convert a secular preference into a religious conviction." *Id.* at *6. That is true whether the preference concerns COVID-19 testing, vaccination, or any other job requirement. *See, e.g.*, *id.* at *10 (rejecting claim of hypothetical employee "who believes her body is a temple" and "interprets that belief" to require morning exercise and thus objects to "morning work requirements"); *id.* at *8 (citing with approval *Geerlings v. Tredyffrin/Easttown Sch. Dist.*, No. 21-cv-4024, 2021 WL 4399672, at *7 (E.D. Pa. Sept. 27, 2021) (dismissing failure-to-accommodate claim where plaintiff asserted body-as-temple objection to masking requirement)). In other words, "[a]pplying the relevant legal principles to a slightly

4

different factual scenario confirms that this is an easy case." *Collins v. Virginia*, 584 U.S. 586, 594 (2018).

*Detwiler*'s direct applicability is also apparent from its favorable citations of no fewer than seven cases rejecting body-as-temple objections to *vaccination*. *See* 2025 WL 2700000 at *8–10. In summarizing "numerous" such district court decisions, the Court stated that "[p]laintiffs in those actions regularly invoke the same Christian belief as does Detwiler—that their bodies are temples of the Holy Spirit"—in support of "their opposition to *vaccination* or testing." *Id.* at *8 (emphasis added). With approval, the Court noted that "district courts have generally dismissed these Title VII claims" because "plaintiffs cannot 'couch' their personal, secular beliefs in religious terms to claim Title VII protections" or rely on a "religious belief so broad as to cover anything plaintiffs train it on." *Id.* (cleaned up) (citing *Medrano v. Kaiser Permanente*, No. 8:23-cv-02501-DOC-ADSX, 2024 WL 3383704, at *4 (C.D. Cal. July 10, 2024)). And in discussing the Third Circuit's decision in *McDowell*, which involved vaccine objections, the Court observed that "bare allegations" like a "belief that [one's] body is a temple" "give rise to, at most the 'mere possibility' that religious beliefs informed objections to the *vaccine* and to testing." *Id.* at *10 (emphasis added) (quoting *McDowell*, 2024 WL 4799870, at *2).

In sum, that this case involves an objection to vaccination does not meaningfully distinguish it from *Detwiler*.[1]

### 2. Moli's reliance on a body-as-temple belief alone dooms her claim

The second factual difference here makes Moli's claim even weaker than Detwiler's: while Detwiler invoked a "broad" religious principle (her body-as-temple belief) in conjunction with "personal, medical judgments" (her "concerns about health consequences" of nasal-swab testing), Moli invoked *only* broad religious principles, without any other information or elaboration (even secular opinions) to "connect" those principles to "the requested exemption [from vaccination]." *Detwiler*, 2025 WL 2700000, at \*6, \*8. Accordingly, her claim fails because "[i]nvocations of broad, religious tenets cannot, on their own, convert a secular preference into a religious conviction." *Id.* at \*6. Otherwise, it would "create a blanket privilege whenever an employee invokes scripture." *Id.* at \*10.

---

[1] In a footnote, the Court noted that some of the other circuits' contrary decisions "adjudicate challenges to vaccine mandates, not testing requirements." *Detwiler*, 2025 WL 2700000, at \*10 n.5. This was in response to the dissent's "proposition that today's decision departs from a national consensus," and to show that those contrary decisions were "less pervasive in the federal circuits than the dissent portrays." *Id.* at \*10 & n.5. The majority left no doubt, however, that it disagreed with those other circuits' approach as "far too permissive" because it "offer[s] Title VII protections to the secular implementation of high-level, religiously inspired goals." *Id.* at \*10 (citing *Passarella*, 108 F.4th at 1014 (Rovner, J., dissenting)); *see also id.* at \*8 (noting that the other circuits' "standard contravenes federal pleading requirements"). As the dissent observed, "[w]hile many of these cases dealt with requested exemptions to vaccine mandates as opposed to testing requirements, they are not distinguishable." *Id.* at \*14 (Van Dyke, J., dissenting).

Moli's conclusory assertions that she is a "temple of God" and "COVID vaccination is a desecration/defilement of [her] temple," ER-17, are paradigmatic "bare allegations" that—without the obvious missing link of *why* she believes vaccination will defile her temple—"give rise to, at most, the 'mere possibility' that religious beliefs informed [her] objections to the vaccine." *Detwiler*, 2025 2700000, at *10; *see also* Ans. Br. at 25–33.

The conclusory nature of Moli's vaccine objection is compounded by her admission that she is "not opposed to all Immunizations, just the Immunizations that conflict with my sincerely held religious beliefs described above concerning the COVID vaccination." ER-18. Thus, as the District Court explained, Moli "alleges a one-off objection to a particular employer-mandated vaccine and simply labels that objection as religious in nature," "mak[ing] no attempt to explain how the injection of the COVID-19 vaccine constitutes a defilement or desecration of God's temple while the injection of a similar substance aimed at another illness does not." ER-10. Thus, applying "the same level of plausibility as any other prayer for relief," Moli's SAC "does not sufficiently articulate a bona fide religious belief in conflict" with COVID-19 vaccination. *Detwiler*, 2025 WL 2700000, at *7; *see, e.g.*, *McDowell*, 2024 WL 4799870, at *2 n.4 (noting that one appellant's admission "that she is 'not opposed to all vaccines/immunizations' . . . suggests she makes medical/secular evaluations of which vaccines she deems acceptable").

**B.** *Detwiler* **Confirms Leave to Amend Would Be Futile**

As *Detwiler* shows, the District Court's denial of leave to amend was also correct. Although Moli has asked to amend her complaint a third time, in none of her written submissions did she identify any additional facts she would add—not in opposition to the motion to dismiss, nor her opening brief on appeal, nor her reply brief. Not until oral argument (in the closing moments of rebuttal) did her counsel represent that, "if given the opportunity to amend, . . . we would assert that Ms. Moli felt that she was directed by God not to take the vaccine." Oral Arg. at 22:45–22:57.

Even if the Court considers that last-minute proffer, it would not salvage Moli's claim. Detwiler not only asserted a body-as-temple belief to support her requested exemption, but also "confirmed this opposition to testing via personal prayer." *Detwiler*, 2025 WL 2700000, at *4. Nevertheless, her allegations remained inadequate because "[i]nvocation of prayer, without more, is still insufficient to elevate personal medical judgments to the level of religious significance." *Id.* at *9; *see also id.* at *11 ("Detwiler, by asserting a general religious principle and linking that principle to her personal, medical judgment via prayer alone, did not state a claim for religious accommodation."); *Passarella*, 108 F.4th at 1014 (Rovner, J., dissenting) ("I am not convinced that Congress meant to compel an employer to grant any requested accommodation that an

8

employee has prayed about and has concluded that his or her G-d supports. If that were so, there would be almost no limit to the accommodations that an employer would have to entertain under Title VII[] . . . ."); *Medrano*, 2024 WL 3383704, at *4 (holding that "employers are not obligated to approve exemption requests whenever employees assert that their refusal stems from a divine directive," which would "amount to blanket privileges") (cleaned up). Because Moli's proposed amendment would be futile, the District Court rightly dismissed the SAC with prejudice.

### III.     CONCLUSION

Consistent with *Detwiler*, the Court should affirm.

DATED this 9th day of October, 2025.

PACIFICA LAW GROUP LLP

By: *s/Zachary J. Pekelis*
    Zachary J. Pekelis, WSBA No. 44557
    Meha Goyal, WSBA No. 56058

    401 Union St., Suite 1600
    Seattle, Washington 98101-2668
    (206) 245-1700
    zach.pekelis@pacificalawgroup.com
    meha.goyal@pacificalawgroup.com

    *Attorneys for Defendants-Appellees*
    *King County and King County*
    *Metro Transit*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s)**   24-3155

I am the attorney or self-represented party.

**This brief contains** 1990 **words,** including ___0___ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated September 25, 2025.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature**   *s/Zachary J. Pekelis*          **Date**   October 9, 2025
*(use "*s/[typed name]*" to sign electronically-filed documents)*


**Form 8**                                                          *Rev. 12/01/22*

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated: October 9, 2025

PACIFICA LAW GROUP LLP

By: *s/Zachary J. Pekelis*
    Zachary J. Pekelis, WSBA No. 44557

*Attorneys for Defendants-Appellees*
*King County and King County Metro Transit*

11